953 P.2d 609

**Randall C. FRY, Plaintiff–Appellant,**

v.

**DEPARTMENT OF CORRECTION, Defendant–Respondent.**

No. 23668.

Supreme Court of Idaho, Boise, January 1998 Term.

March 11, 1998.

William B. Latta, Jr., Boise, for appellant.

Alan G. Lance, Attorney General; Leslie L. Goddard, Deputy Attorney General, Boise, for respondent. Leslie L. Goddard argued.

JOHNSON, Justice.

This is a state employee grievance case. We conclude that the employee was not entitled to grieve his termination because he had not completed his probationary period as a classified employee.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Randall C. Fry (Fry) was hired by the Department of Correction (the department) effective February 14, 1994, as a temporary correctional technician. Both the position announcement and the memorandum of understanding that Fry signed concerning his employment indicated that the initial appointment would be temporary, and after successful completion of training would be followed by a probationary appointment as a correctional officer. After completing five weeks of academy training and three weeks of on-the-job training, Fry was appointed as a probationary correctional officer effective April 10, 1994. Fry received a termination notice dated October 19, 1994, indicating that due to his failure to complete his probationary period satisfactorily, he was being terminated effective November 3, 1994. Fry filed a grievance with the department challenging his termination.

The department refused to take any action on Fry's grievance, stating that Fry was not permitted to grieve a probationary termination and that, in any event, his grievance was untimely. Fry appealed his termination to the Idaho Personnel Commission (the

Commission) arguing that he had completed his probationary period on August 7, 1994, upon completion of 1,040 hours of credited state service. Fry contended he had become a permanent employee effective September 7, 1994, and therefore, his termination was ineffective because it was attempted more than thirty days following the end of his probation. Fry also maintained that his temporary employment constituted a second probationary period and test, both in violation of state law. The department contended that Fry's probationary period did not begin until April 10, 1994, when he was appointed as a probationary correctional officer and that Fry's termination notice was therefore timely because his probation was not complete until October 10, 1994.

The hearing officer for the Commission accepted the department's arguments and granted summary judgment dismissing Fry's appeal. Fry petitioned the Commission for review. The Commission affirmed the hearing officer's decision. Fry appealed to the district court, which affirmed the Commission's decision. Fry then appealed to this Court.

## II.

### FRY WAS NOT ENTITLED TO GRIEVE HIS TERMINATION.

■ Fry asserts: (1) that he was entitled to grieve his termination because his employment as a temporary employee of the department counted toward his probationary period and because his probation had expired more than thirty days before the department gave him notice of termination and (2) that not treating his credited state service as a temporary employee toward the fulfillment of his probationary period is illegal. We disagree.

Employees of the State of Idaho are either classified employees, whose employment is covered by the personnel system administered by the Commission pursuant to Title 67, Chapter 53 of the Idaho Code (I.C.), or nonclassified employees, whose employment is covered by Title 59, Chapter 16 of the Idaho Code. The Commission's rules contemplate that some employees will obtain classi-

fied employment initially, while others will be promoted to classified employment from nonclassified employment. IDAPA 28.01.01.020, 28.01.01.150.01. Temporary employees are nonclassified employees. I.C. § 67–5303(n). " 'Temporary appointment' means appointment to a position which is not permanent in nature, and in which employment will not exceed one thousand three hundred eightyfive (1,385) hours during any twelve (12) month period .... for any one (1) department...." I.C. § 67–5302(31).

I.C. § 67–5309(j) grants the Commission the power and authority to adopt a rule

establishing a probation period not to exceed one thousand forty (1,040) hours of credited state service for all appointments and promotions ... and for the appointing authority to provide the employee and the commission a performance evaluation indicating satisfactory or unsatisfactory performance not later than thirty (30) days after the expiration of the probationary period.... If an employee is performing in an unsatisfactory manner during the entrance probationary period, the appointing authority shall ask the employee to resign, and if no resignation is submitted, shall terminate the employment of such employee without the right of grievance or appeal.

This statute is not ambiguous. Both nonclassified and classified state employees earn one hour of credited state service for each hour that the employee receives pay. I.C. §§ 59–1604(2), 67–5332(3). Nonclassified state employees earn credited state service that applies towards sick leave pursuant to I.C. § 59–1605, vacation time pursuant to I.C. § 59–1606, and hours of work, holidays and overtime pursuant to I.C. § 59–1607. Fry contends that I.C. § 67–5309(j) provides that the required probationary hours include credited state service while serving in "all appointments," including temporary nonclassified employment. This misconstrues the use of the reference to "all appointments." The reference is clearly to a probation period for all appointments, not to credited state service for all appointments. This reading of I.C. § 67–5309(j) is verified by the presence of "and promotions" after "all appointments."

It makes no sense to read the statute as allowing credited state service for all promotions. Clearly, the statute refers to a probation period both for all appointments and for all promotions, not credited state service for both. Credited state service for purposes of meeting the 1,040 hour probationary requirement for a classified appointment does not begin to accrue until an employee has been appointed as a classified employee.

We also note that the doctrine of equitable estoppel, as Fry contends, is not applicable in this case. The statute, the department's job announcement, and the memorandum of understanding Fry signed before he began his temporary employment all correctly state when he would become a classified employee. There has been no false representation to Fry.

Fry's probationary period did not begin until April 10, 1994, when he was appointed to a position as a probationary correctional officer. His probation was not complete until October 10, 1994. The October 19, 1994 termination notice was issued "not later than thirty (30) days after the expiration of the probationary period," as provided in I.C. § 67–5309(j). Therefore, Fry did not have any grievance rights against the department.

### III.

### CONCLUSION

We affirm the order of the Commission affirming the hearing officer's summary judgment dismissing Fry's appeal.

We award costs on appeal to the department.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.